# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jamil Boyd
703 Bywood Avenue, Apartment 1
Philadelphia, PA 19082

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

### DEFENDANTS
City of Philadelphia d/b/a City of Philadelphia Police Dept
1515 Arch Street, 15th Floor
Philadelphia, PA 19102

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 1983 et seq

Brief description of cause:
Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 200,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 8/4/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Jamil Boyd | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia d/b/a | : | |
| City of Philadelphia Police Department | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 8/4/2020 | Graham F. Baird | Jamil Boyd |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 703 Bywood Ave, Apartment 1, Philadelphia, PA 19082

Address of Defendant: 1515 Arch Street, 15th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 6001 Germantown Avenue, Philadelphia, PA 19144

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/4/2020   *Attorney-at-Law / Pro Se Plaintiff*   92692   *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
*(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
*(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 8/4/2020   *Attorney-at-Law / Pro Se Plaintiff*   92692   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIL BOYD<br>703 Bywood Avenue, Apartment 1<br>Philadelphia, PA 19082<br><br>   Plaintiff<br><br>   v.<br><br>CITY OF PHILADELPHIA d/b/a<br>CITY OF PHILADELPHIA POLICE<br>DEPARTMENT<br><br>  And<br><br>POLICE OFFICER DAVID DOHAN<br>BADGE NO. 4690<br>(Individually and his Official Capacity)<br>c/o Marcel Pratt City Solicitor<br>City of Philadelphia Law Department<br>One Parkway, 1515 Arch Street, 15th Floor<br>Philadelphia, PA 19102<br><br>  And<br><br>POLICE OFFICER THOMAS LACORTE<br>BADGE NO 3693<br>(Individually and his Official Capacity)<br>c/o Marcel Pratt City Solicitor<br>City of Philadelphia Law Department<br>One Parkway, 1515 Arch Street, 15th Floor<br>Philadelphia, PA 19102<br><br>  And<br><br>JOHN DOE DEFENDANTS NOS. 1-10<br><br>   Defendants | **JURY TRIAL DEMANDED**<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I.  Parties and Reasons for Jurisdiction.**

1

1. Plaintiff, JAMIL BOYD (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, CITY OF PHILADELPHIA is a municipal entity in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department and Code Enforcement Department was the employer of all named Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

3. Defendant, POLICE OFFICER DAVID DOHAN (hereinafter "Defendant Dohan") is a police officer for the City of Philadelphia and the City of Philadelphia Police Department and at all times set forth herein was acting under color of state law. He is being sued herein in his individual capacity.

4. Defendant, POLICE OFFICER THOMAS LACORTE (hereinafter "Defendant LaCorte") is a police officer for the City of Philadelphia and the City of Philadelphia Police Department and at all times set forth herein was acting under color of state law. He is being sued herein in his individual capacity.

5. Defendants JOHN DOES NOS. 1-10 are officials, police officers and/or other public officials acting under color of state law who were involved in the following incident set forth in Plaintiff's Complaint and at all times material hereto were acting under color of state law are being sued in their capacity.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II.  Operative Facts.

8. On August 17, 2018, Plaintiff was driving a vehicle travelling northbound on Germantown Avenue, with his Chihuahua dog in the backseat.

9. At approximately 7:19pm, Defendants allege Plaintiff disregarded a steady red signal at the busy intersection of Germantown and Chelten Avenues.

10. There is a camera at this intersection, but Defendants failed to recover the video footage.

11. Defendants, Police Officers Doohan and Lacorte activated their police siren, and stopped Plaintiff's vehicle at 6001 Germantown Avenue.

12. After Defendants ascertained Plaintiff's name, Defendants advised Plaintiff that he was operating his vehicle on a suspended license and was in "wanted" status out of Delaware and Montgomery counties.

13. Defendants ordered Plaintiff out of the vehicle.

14. Plaintiff complied with Defendants' orders, and placed his hands on top the roof of his vehicle, with Defendants directly behind him.

15. Plaintiff turned his head to look behind at Defendant Dohan and asked, "Why are you arresting me, officer?" Without provocation, Defendant Dohan grabbed Plaintiff by the shirt, and punched him once with a closed fist to his mouth.

16. Defendant Dohan pushed Plaintiff to the ground, causing him to fall face first, hitting his top lip on the cobblestone and concrete sidewalk.

17. Defendants allege Plaintiff fell to the floor because he tripped on the curb.

18. Germantown Avenue is a historical road, and the concrete sidewalk is cobblestone with a tall, 12 inch sidewalk.

19. As Plaintiff is laying face down on the ground, both Defendants immediately jumped on top of him.

20. Both Defendants struck Plaintiff in the face and mouth multiple times for several minutes without trying to handcuff or restrain him while laying on top of him.

21. Plaintiff never physically resisted or punched Defendants.

22. Defendants never alleged they suffered any physical injuries.

23. Defendants tased the Plaintiff from behind while he was still on the ground, and then placed handcuffs on him.

24. Plaintiff was taken to Einstein Hospital, for emergency treatment to his face, mouth, and taser deployment.

25. Both Defendants used excessive force during the arrest which caused severe injuries resulting in Plaintiff being hospitalized. His injuries included multiple dental fractures that resulted 4 lost teeth, 14 sutures to his lip, and multiple abrasions to his extremities.

26. Defendants first knocked out his two top front teeth. A later surgery required removal of Plaintiff's two bottom front teeth. Defendants also caused lacerations to Plaintiff's shoulders, back, and legs.

27. Defendant Dohan has a history of physical abuse, particularly assaulting citizens with excessive force.

28. According to an August 2018 analysis of complaints against police reported by Billy Penn and City and State PA, first published in August 9, 2018, Defendant Dohan has one of

the highest rates of Citizen Complaints Against Police Officer of any officer in the Philadelphia Police Department.[12] As of August 2018, the same month Plaintiff was arrested, Defendant Dohan had 19 complaints since 2013, averaging 4 complaints a year.

29.	It should be noted that, on average, it is unusual for a Philadelphia Police Officer to garner more than 1 complaint a year.

30.	Although Defendant Dohan has been subject of numerous Internal Affairs Department (hereinafter "IAD") complaints, Plaintiff is aware of at least one sustained complaint that is very similar to this current case.

31.	According to IAD #16-0455, Defendant Dohan has a sustained complaint for physical abuse for assaulting a citizen in his mouth with the butt of his gun causing multiple dental fractures and a laceration on the lip that required stitches. His then partner Charles Klink screamed "fuck your pretty teeth" as Defendant Dohan used excessive force during a routine motor vehicle stop. Defendant Dohan was found to have violated Philadelphia Police Department Disciplinary Code 1-§012 (pertaining to unauthorized and / or excessive use of force).

32.	That lawsuit was settled on December 16, 2017 for the sum of $110,000. Eight months after settlement, Defendant Dohan assaulted Plaintiff in this case, in almost the identical situation.

33.	Currently, there is an IAD investigation in regards to Defendants' excessive force.

---

[1] https://billypenn.com/2019/07/16/philly-police-release-hundreds-of-disciplinary-records-for-facebook-cops/

[2] https://www.cityandstatepa.com/content/philly-police-identify-cops-named-hundreds-civilian-complaints

34. Furthermore, Defendants, Dohan and LaCourte stole Plaintiff's Chihuahua dog from the backseat of the vehicle when Plaintiff was in custody, and placed the dog at the nearest animal shelter without Plaintiff's permission.

35. The animal shelter's paperwork reveal Defendants dropped off Plaintiff's Chihuahua dog one hour later the same day at 8:27pm, at Animal Care & Control Team of Philadelphia, located at 111 W. Hunting Park Avenue. Defendants falsely avowed on the discharge paperwork that "to the best of [their] knowledge, this is a stray or unowned animal."

36. After Defendants took Plaintiff's Chihuahua dog and lied to shelter that it was a stray, Plaintiff filed a Lost Dog report on August 21, 2018.

37. When confronted about where is the Chihuahua dog during a Motion in Limine hearing, Defendant Dohan testified:

> Q: Do you recall what happened to the dog?
> A: Yep. It was taken to PACA.
> Q: Is there a reason it's not part of the paperwork?
> A: Why would it be? It had nothing to do with the arrest.

First Judicial District of Pennsylvania court hearing 11/22/19, pp 28.

38. Unfortunately, Plaintiff never found his Chihuahua dog due to Defendants' deceitful behavior.

39. There is no mention of Plaintiff's Chihuahua dog in the Defendants' paperwork.

40. There is no mention of Defendants' paperwork of Plaintiff's teeth being knocked out.

41. After Plaintiff was in custody, Defendants stated that for the first time, they now smelled a strong odor of marijuana emanating from the vehicle, and recovered from on top of the front passenger seat underneath the bag was various narcotics and a loaded firearm.

42. The criminal case is currently pending jury on February 1, 2021 in the Philadelphia Court of Common Pleas.

**III. Causes of Action.**

### COUNT I – 4th AMENDMENT--MALICIOUS PROSECUTION
### (42 U.S.C.A. § 1983 et seq)

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44. At all times described above, Defendants were acting under color of state law.

45. As described above, Defendants initiated a criminal charge against Plaintiff.

46. As described above, Defendants initiated criminal charges with malice.

47. All charges described above are currently pending against the Plaintiff.

48. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

49. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

50. Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

### COUNT II – 4th AMENDMENT--WRONGFUL ARREST
### (42 U.S.C.A. § 1983 et seq)

51. Plaintiff incorporates paragraphs 1-50 as if fully set forth at length herein.

52. At all times material hereto, Defendants were acting under color of state law.

53. As described above, Defendants arrested Plaintiff without reasonable suspicion or probable cause that she committed a criminal offense.

54. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

55. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

56. Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

### COUNT III –4th AMENDMENT—EXCESSIVE FORCE
### (42 U.S.C.A. § 1983 et seq)

57. Plaintiff incorporates paragraphs 1-56 as if fully set forth at length herein.

58. At all times material hereto, Defendants were acting under color of state law.

59. As described above, Defendants intentionally applied an unreasonable and excessive level of force towards Plaintiff, and exercised such force with no other lawful purpose or justification.

60. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: Personal injury, great economic loss, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

61. As a result of the conduct of Defendants', Plaintiff hereby demands punitive damages.

62. Plaintiff demands attorneys fees and court costs.

### COUNT IV —MONELL CLAIM
### (42 U.S.C.A. § 1983 et seq)

63. Plaintiff incorporates paragraphs 1-62 as if fully set forth at length herein.

64. At all times material hereto, Defendants instituted policies and procedures within the police department, specifically as concerns Defendant Dohan with indifference to the constitutional rights of the citizens of Philadelphia, including, but not limited to Plaintiff.

65. Those policies and procedures include creating and fostering an environment through failures to train and hire suitable police officers and a failure to supervise those officers.

66. As a proximate result of Defendants' policies and procedures, Plaintiff sustained significant damages, including but not limited to: Personal injury, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering and consequential damages.

67. As a result of the conduct of Defendants', Plaintiff hereby demands punitive damages.

68. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Jamil Boyd demands judgment in his favor and against Defendants jointly and severally, in an amount in excess of $200,000.00 together with:

A. Compensatory damages, including but not limited to: Personal injury damages, deprivation of constitutional rights, injury to reputation, mental and emotional distress, pain and suffering, economic loss, deprivation of her liberty and property interests,

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

 

**LAW OFFICES OF ERIC A. SHORE**

_____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiff, Jamil Boyd

Dated: August 4, 2020